USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP VON KAHLE, in his capacity
as assignee for the benefit of the creditors
of COEX COFFEE INTERNATIONAL, INC.,

           Plaintiff,

v.

CARGILL, INC.,

           Defendant.

Case No. 1:21-cv-08532 (AT)(SDA)

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Plaintiff Philip Von Kahle and Defendant Cargill, Incorporated (collectively the "Parties" and individually the "Party") request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, Cargill previously produced documents ("Previously-Produced Documents") to the Assignee subject to a Stipulated Confidentiality Agreement (the "SCA") on or about February, 2021 in the main assignment proceeding captioned *In re Coex Coffee International, Inc.*,

1

Case No. 20-014293 CA 10 (Miami-Dade County, Fla.) and that Cargill's corporate representative, Matthew Dunbar, was deposed on June 28, 2021 ("Dunbar Deposition");

WHEREAS, the Parties stipulate and agree that the Previously-Produced Documents and Dunbar Deposition are discoverable and may be treated as produced in this action, provided that all documents and portions of documents designated confidential under the SCA be treated as confidential under this Order;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this action,

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing Discovery Material in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms:

I.  **DEFINITIONS**

1.  **Disclosure or Discovery Material**: all items or information (including, among other things, all Answers to Interrogatories, Answers to Requests for Admission, Responses to Requests for Production of Documents, expert disclosures, mediation statements and mediation exhibits, deposition testimony, deposition transcripts and deposition exhibits, including any copies, drafts, excerpts, notes memoranda, and summaries thereof or relating thereto), regardless of the medium or manner generated, stored, or maintained that are voluntarily exchanged, produced, or generated by any Party or non-party in disclosures or responses to discovery in this matter.

2. **Attorney/Counsel:** outside counsel of record and in-house counsel (*i.e.*, attorneys who are employees of either a Party to this action or a Party's corporate parent, subsidiaries, or affiliates).

3. **"Cargill"** includes Cargill, Incorporated as well as its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4. **"Coex"** includes Coex Coffee International, Inc., as well as the Assignee for the Benefit of Coex's Creditors, Philip Von Kahle, and anyone directed by him or authorized to act on his behalf in his capacity as the Assignee for the Benefit of Coex Creditors.

5. **"Confidential Third Party"** includes any individual or entity to whom a Party owes an obligation to maintain information as confidential as a result of law, regulation or agreement.

6. **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

7. **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

8. **Designating Party**: a Party or non-party that designates Disclosure or Discovery Material as "Confidential."

9. **"Confidential" Material**: information, (regardless of how generated, stored, or maintained), or tangible things that a Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not publicly known and which the Designating Party has not revealed to third parties or has caused third parties to maintain in confidence, and the disclosure of which the Designating Party believes in good faith could be

detrimental to its business interests or cause it competitive harm.  In addition, "Confidential" Material may include information received from or relating to any Confidential Third Party.

        10.     **Protected Discovery Material**: any Disclosure or Discovery Material that is designated as "Confidential."

**II.**     <u>**DESIGNATION AND TREATMENT OF PROTECTED MATERIALS**</u>

        1.     No Party, third party, or other person subject to this Order may disclose Protected Discovery Material to anyone else except as this Order expressly permits.

        2.     A Producing Party may designate as "Confidential" only the portion(s) of such Discovery Material that it believes in good faith meets the definition of "Confidential" Materials as defined in Section I, Paragraph 9, above. Each Party that designates Material as "Confidential" must take care to limit any such designation to specific material that qualifies under this Order.

        3.     With respect to portions of any Protected Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking each page as "Confidential" in a manner that will not interfere with legibility and audibility. In the case of Protected Discovery Material disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the medium or its container, or in the folder or filename of such documents if produced electronically, so as to clearly give notice of the designation.

        4.     A Producing Party or its counsel may designate deposition transcripts and exhibits or portions of deposition transcripts and exhibits as Protected Discovery Material either by: (i) indicating on the record during the deposition that a question calls for "Confidential" information, in which case the reporter will bind the transcript of the designated testimony in a

separate volume and mark it as "Protected Information Governed by Protective Order;" or (ii) notifying the reporter and all counsel of record, in writing, within 30 days after its receipt of the final transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Protected Discovery Material, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following the receipt of a final transcript of a deposition, all parties to this action will treat the entire deposition transcript as if it had been designated "Confidential."

5.	If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such Material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential."

6.	Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances only) may at any time prior to the trial of this action serve upon counsel for the Receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in a single joint letter, normally not exceeding four pages.

7.	Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.	Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

      a.      the Parties or those persons employed by the Parties to this action (including the officers, directors, and employees of the Receiving Party) who the Receiving Party reasonably believes needs access to such information in order to prosecute or defend this action;

      b.      counsel for the Parties to this action, including any paralegal, clerical, or other assistant that such outside counsel and in-house counsel employs and assigns to this matter;

      c.      the Parties' insurers, if any, and counsel to their insurers;

      d.      outside vendors who provide services such as photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, including eDiscovery, etc., as well as their employees and subcontractors, that a Party hires and assigns to this matter;

      e.      mock jurors and related service providers, provided that each juror and related service provided shall have executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      f.      any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      g.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      h.      witnesses during the course of their testimony at deposition, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto or ordered by the Court;

      i.      any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided (i) such person has first

executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and (ii) such person is not a current officer, director, or employee of a competitor of Cargill at the time of retention, nor anticipates at the time of retention to become an officer, director or employee of a competitor of defendant;

        j.    stenographers and videographers engaged to transcribe and record depositions the parties conduct in this action;

        k.    this Court, including any appellate court, its support personnel, and court reporters;

        l.    any law enforcement agency in response to a grand jury subpoena, court order, or similar compulsory process; and

        m.    other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

    9.    Before disclosing any Protected Discovery Material to any person referred to in subparagraphs 8(e), 8(f), or 8(i) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement. It shall be the obligation of counsel providing the information to retain a copy of all agreements executed pursuant to this paragraph until sixty (60) days following the final termination of this litigation.

    10.    The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as "Confidential" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. A Party that seeks to file under seal any Discovery Material designated as "Confidential" must

comply with the Court's Individual Rule IV(A) or any other governing rule or order of the Court. If a Party's request to file Discovery Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. The redactions expressly authorized by Federal Rule of Civil Procedure 5.2 may be made without application to the Court.

11.     Any Party who objects to any designation of confidentiality (the "Objecting Party") shall at any time before the trial of this action confer telephonically with the Designating Party in an effort to resolve the dispute without court action. Such conferral shall occur within fourteen calendar days after the Objecting Party provides notice of its objection to a confidentiality designation.  If the Parties and/or the Designating Party are unable to resolve such dispute, counsel should describe their dispute to the Court in a single letter, jointly composed, not to exceed five pages (with equal pages made available for both Parties' respective positions). The joint letter shall describe the time, place, and duration of any discussions to resolve the dispute, and shall also describe concisely the issues in dispute and the respective positions of each Party, citing the applicable authority that the respective Parties claim for support. Except for documents that are the subject of the dispute concerning confidentiality designations, affidavits and exhibits are not permitted in connection with discovery dispute letters without prior written request and permission. If an opposing Party or Designating Party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within three (3) business days of a Party's request, a Party may submit a letter without the opposing Party's contribution and shall attach a copy of the correspondence seeking the opposing Party's contribution.

12.     Pursuant to Fed. R. Evid. 502(d), any party's production of documents covered by an applicable privilege or protection, whether such production is inadvertent or otherwise, shall

not constitute a waiver of the privilege or protection with respect to those documents or the subject matter of those documents in the case or any other federal or state proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

13. "Clawback" of Documents. Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the Receiving Party, identifying the document or ESI in question, the asserted privilege or protection, and the ground therefore.

    a. Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the Receiving Party will:

        i. To whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

        ii. To whatever extent the Receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the Producing Party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion.

14. Recipients of Discovery Material, including any person who receives or is provided with Discovery Material, in connection with this action may use such Material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Protected Discovery Material in its possession in response to a lawful subpoena, other compulsory process, or if required to produce by law or by any government agency having jurisdiction. In the event that any Protected Discovery Material is demanded from a Receiving Party by way of subpoena or other compulsory process, the Receiving Party shall immediately give written notice to the Producing Party and shall include a copy of the subpoena or court order. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. It will not be a violation of this Order, however, if a subpoena is issued by a state or federal law enforcement agency on one or more of the Parties and the Party honors the law enforcement agency's request to maintain the confidentiality of the subpoena and/or any related investigation.

16. Each person who has access to Protected Discovery Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such Material.

17.     The protections conferred by this Order cover not only Protected Discovery Material, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Discovery Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated Protected Materials.

18.     The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to another Party or becomes part of the public domain after its disclosure to another Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to any of the Parties prior to the disclosure or obtained by a Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the other Party. Nothing contained in this Order will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure or the SCA.

19.     Within 60 days of the final disposition of this action, including all appeals, all recipients of Protected Discovery Material must return it, including all copies thereof, to the Producing Party; destroy such Material, including all copies thereof; or render such Material inaccessible. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Discovery Material. Notwithstanding this provision, the attorneys that the

Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such Materials contain Protected Discovery Material. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Order.

20. Parties agree to act in good faith when taking any action pursuant to this Order.

21. Any Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of Protected Discovery Material, including the use of such material in submissions to the Court prior to trial. Any use of Confidential Material at trial shall be governed by a separate agreement or order. Nothing in this order shall preclude Parties from agreeing to amend or modify the terms of this Order or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing.

22. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Discovery Material is produced or disclosed.

23. This Court will retain jurisdiction during the course of this litigation over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. This Court shall not retain jurisdiction over the enforcement of the protective order following the conclusion of this litigation.

SO STIPULATED AND AGREED.

| | |
|---|---|
| STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.<br><br>By:  /s/ Jason P. Hernandez<br>Jason P. Hernandez<br>Eugene E. Stearns<br>Drew Dillworth<br>Eric Silver<br>150 West Flagler Street, Suite 2200<br>Miami, Florida 33130<br>Telephone: (305) 789-3200<br>Facsimile: (305) 789-3395<br>estearns@stearnsweaver.com<br>ddillworth@stearnsweaver.com<br>jhernandez@stearnsweaver.com<br>esilver@stearnsweaver.com<br><br>*Counsel for Plaintiff* | FAEGRE DRINKER BIDDLE & REATH LLP<br><br>By:   *Jane E. Maschka*<br>Jane E. Maschka (admitted *pro hac vice*)<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>Telephone: (612) 766-7000<br>Facsimile: (612) 766-1600<br>jane.maschka@faegredrinker.com<br><br>Tracey Salmon-Smith<br>1177 Avenue of the Americas, 41st Floor<br>New York, NY 10036<br>Tel: (212) 248-3140<br>tracey.salmonsmith@faegredrinker.com<br><br>*Counsel for Defendant* |

SO ORDERED.

DATED: February 22, 2022

    New York, New York

_____
Hon. Analisa Torres
United States District Judge