# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Jason P. Hernandez
150 West Flagler Street, Suite 2200
Miami, FL 33130
Direct: (305) 789-3455
Fax: (305) 789-2685
Email: jhernandez@stearnsweaver.com

May 27, 2022

**BY CM/ECF FILING**
The Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/14/2022

*Re: Philip Von Kahle, in his capacity as assignee for the benefit of creditors of Coex Coffee International, Inc. v. Cargill, Incorporated,* Case No. 1:21-CV-08532 (AT)(SDA)

Dear Judge Aaron:

Pursuant to Your Honor's Individual Practices and Local Civil Rule 37.2, the parties in the above-referenced case jointly submit this letter to request a discovery conference with the Court. The parties request the Court's intervention to overrule third party BDO USA LLP's ("BDO") objections to subpoenas *duces tecum* served by both parties on BDO and to compel BDO to produce the requested documents.

The parties hereby certify that they telephonically conferred with BDO's counsel in an attempt to resolve BDO's objections on March 17, 2022, for approximately 10 minutes and on March 29, 2022 for approximately 30 minutes. The following counsel participated in both calls: Eric Silver for Plaintiff; David Creasey and Joan Akalaonu for Defendant; and Kamal Sleiman for BDO. Following the March 29th phone conference, BDO's counsel consented to this Court's jurisdiction for the purpose of adjudicating this discovery dispute.

**Background**

Philip Von Kahle ("Plaintiff") is an assignee for the benefit of creditors of Coex Coffee International, Inc. ("Coex Miami"). Plaintiff seeks to avoid and recover $91,593,168.18 from Defendant Cargill, Incorporated ("Cargill"), alleging that these funds were fraudulently transferred, both constructively and intentionally, from Coex Miami to Cargill from December 2015 through May 2020. These transfers were made in connection with swap agreements between Cargill, on the one hand, and, on the other hand, Coex Miami, and Corporacion Coex, Inc. ("Coex Panama") to hedge their coffee business, according to Defendant. The Amended Complaint alleges

May 27, 2022
Page 2

that Coex Miami was insolvent when the transfers were made and that all of the alleged fraudulent transfers occurred while BDO was Coex Miami's auditor. (Am. Compl. ¶¶ 5, 7, 51, 53, 86-106).

As Coex Miami's auditor, BDO prepared and issued audited financial statements to Coex Miami for years 2014 through 2018. BDO resigned as Coex Miami's auditor on June 25, 2020 and did not complete its audit of Coex Miami's financial statements for 2019. The Amended Complaint alleges that BDO's termination letter to Coex Miami cites "errors and irregularities" that BDO was unable to reasonably resolve. Am. Compl. ¶ 153(f). In this letter, BDO also allegedly questioned the "business purpose" of "[r]elated party transactions." *Id*. Finally, Plaintiff alleges that BDO stated that Coex Miami's business environment was "indicative of a lack of internal controls over financial reporting." *Id*.

In February, the parties each had subpoenas *duces tecum* served on BDO seeking substantially the same kinds of documents: communications with or concerning Coex Miami; Coex Miami's audited financial statements; invoices issued to Coex Miami; and BDO's work papers and source materials. Plaintiff's subpoena is attached to this letter as *Exhibit 1* and Defendant's subpoena is attached as *Exhibit 2*. On February 16, 2022, BDO served Plaintiff with its response and objections to Plaintiff's subpoena. BDO served Cargill with its response and objections to Cargill's subpoena on March 2, 2022.

## **BDO's Objections to the Parties' Subpoenas are Meritless**

The parties seek this Court's intervention because BDO has refused to produce a wide range of documents in its possession, custody, and control in response to the parties' subpoenas. BDO claims that the bulk of the requested discovery is not relevant and that producing it would be unduly burdensome. Neither argument has merit.

Regarding relevance, BDO argues that the "requests set forth in the subpoenas . . . are not limited to the subject matter of the pending dispute." (April 25, 2022 Email from Kamal Sleiman, Esq., on behalf of BDO, to Counsel of Record). BDO further claims that "documents and communications exchanged between BDO and its former client, Coex Miami, [] as well as all of BDO's own internal communications and work papers concerning or related to Coex Miami" are not relevant to "the ongoing two-party dispute between your respective clients." *Id*.

BDO is wrong. Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[I]t is well-settled within this Circuit that 'any possibility' that the sought-after information may be relevant to the subject-matter of the action will satisfy Rule 26(b) (1)'s requirements." *Cohen v. Cohen*, No. 09 CIV. 10230 LAP, 2015 WL 4469704, at *3 (S.D.N.Y. June 29, 2015) (internal quotations and citations omitted).

May 27, 2022
Page 3

As Coex Miami's auditor, BDO had a unique insight into Coex Miami's finances, particularly from 2015 through 2020, which is relevant to the parties' dispute in at least two ways: *First*, Coex Miami's alleged insolvency is an element of Plaintiff's constructive fraud claims. *See* Fla. Stat. § 726.106; N.Y. Debtor & Creditor Law § 273. It is also relevant to Plaintiff's allegations that the transfers were intentionally fraudulent, because, as Plaintiff argues, any transfers made while Coex Miami was allegedly insolvent or became insolvent after the transfers were made (or the obligations incurred) is considered a "badge" of intentional fraud. *See, e.g, In re Perry*, 252 B.R. 541, 547 (Bankr. M.D. Fla. 2000). BDO's work papers, communications, and other documents from 2015 through 2020 thus are matters that easily clear the low bar set by Rule 26 for relevancy. *Cohen*, 2015 WL 4469704, at *3.

*Second*, communications between BDO and Coex Miami (and BDO's internal communications) are relevant because the Amended Complaint alleges that Coex Miami concealed the allegedly fraudulent transfers from BDO and others. (Am. Compl. ¶¶ 70, 104, 107-14). Concealment is also a badge of fraud. *See, e.g.*, *In re Perry*, 252 B.R. at 547. According to Plaintiff, BDO's "noisy withdrawal" from its relationship strongly suggests that BDO has evidence that is relevant to Plaintiff's allegation that Coex Miami concealed important information from BDO and others. See, e.g., Am. Compl. ¶ 153(f).

BDO also argues that producing the requested discovery would be unduly burdensome.[1] Instead, BDO asked the parties to "identify the specific transactions and relationships that are at issue in the case and thereafter limit the scope of the requests to those transactions and relationships." (April 25, 2022 Email from Kamal Sleiman, Esq., on behalf of BDO).

BDO's burden objection is insufficient. BDO has failed to demonstrate and communicate to parties, with any degree of specificity, the nature and extent of its burden to produce. *See Barella v. Village of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production."). Despite Cargill's requests, BDO has not identified the number of potential custodians for collection. BDO informed the parties that the requested work papers and source materials, consisting of approximately 500-1000 documents per year, are archived by year and easily accessible. Even with the protective order for this action, BDO refuses to produce the archived files, instead claiming that it must conduct its own review of the requested materials to determine relevancy. It is this self-imposed review that BDO claims would be burdensome to them.

Further, BDO's proposal is inadequate because the parties' need for documents cannot be cabined to "specific transactions and relationships." For the reasons given above, Coex Miami's financial condition when BDO served as Coex Miami's auditor is squarely at issue in the litigation. Asking either party to select specific transactions and relationships does neither party any good because Coex Miami's entire financial picture is necessary.

---

[1] To accommodate one of BDO's objections to the subpoenas, the parties agreed to modify the starting point in the document request from 2013 to 2015.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

May 27, 2022
Page 4

Respectfully submitted,

| | |
|---|---|
| /s/Jason P. Hernandez | /s/Jane E. Maschka |
| Jason P. Hernandez | Jane E. Maschka |
| Stearns Weaver Miller Weissler, | Faegre Drinker Biddle & Reath LLP |
| Alhadeff & Sitterson, P.A. | 2200 Wells Fargo Center |
| 150 West Flagler Street, Suite 2200 | 90 South Seventh Street |
| Miami, FL 33130 | Minneapolis, MN 55402 |
| jhernandez@stearnsweaver.com | jane.maschka@faegredrinker.com |
| Phone: 305-789-3455 | Phone: 612-766-7559 |
| Fax: 305-789-2685 | Fax: 612-766-1600 |
| *Attorneys for Plaintiff Philip Von Kahle* | *Attorneys for Defendant Cargill, Inc.* |

Cc: Kamal Sleiman, Esq. (via email)
*Attorney for BDO USA LLP*

For the reasons stated on the record during the 6/10/22 conference with the parties and third party BDO USA LLP ("BDO"), the parties' motion to compel is denied without prejudice to re-filing. SO ORDERED.
Dated: June 14, 2022