UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP VON KAHLE, in his capacity
as assignee for the benefit of the creditors
of COEX COFFEE INTERNATIONAL, INC.,

       Plaintiff,

-against-

CARGILL, INC.,

       Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/7/2022_

21 Civ. 8532 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  On January 31, 2022, Defendant, Cargill, Inc. ("Cargill"), filed a motion to dismiss claims brought by Plaintiff, Philip von Kahle, in his capacity as assignee for the benefit of the creditors of Coex Coffee International, Inc. ("Coex Miami"), that are based on the state-law fraudulent conveyance statutes of either Florida or New York. *See* Amend. Compl. ¶¶ 1, 3, 8, 148, 156, ECF No. 26; Def. Mot., ECF No. 49. Defendant argues, primarily, that Plaintiff's claims are preempted by federal bankruptcy law, 11 U.S.C. § 546(g), and, in the alternative, that certain claims are barred by the statute of repose under Florida law or that Plaintiff lacks standing under New York law. *See* Def. Mem. at 1–2, ECF No. 60. In response, Plaintiff contends that his claims are not preempted, and that they are governed by New York law, under which he has standing. *See* Pl. Mem. at 2–3, ECF No. 65. Plaintiff also argues that Defendant's motion is premature because Defendant failed to comply with the notice requirements of Federal Rule of Civil Procedure 5.1. *Id.* at 3, 22. For the reasons stated below, Defendant shall notify the attorney general of Florida pursuant to Rule 5.1 of its argument that the Florida statutes are preempted, and the Court shall STAY the case pending the attorney general's decision regarding whether to intervene in this action.

## DISCUSSION

I.   Notice Under Rule 5.1

Under Rule 5.1, a party must notify the "state attorney general" when it files a "written motion . . . drawing into question the constitutionality of a . . . state statute." Fed. R. Civ. P. 5.1(a). The Court agrees with Plaintiff that Defendant should provide notice under Rule 5.1. Defendant's preemption arguments ask the Court to find that portions of the state statutes run afoul of the Supremacy Clause of the Constitution, and, therefore, call into question the constitutionality of the statutes as they apply to Plaintiff's claims. *See United States v. Zadeh*, 820 F.3d 746, 753 (5th Cir. 2016) ("Preemption doctrine is, of course, rooted in the Supremacy Clause of the Constitution; in this sense, a claim that state law is preempted by federal law is a constitutional claim." (footnotes omitted)). Although the law is unsettled as to whether Rule 5.1's notice requirements apply to preemption challenges to state statutes, courts have generally determined that "providing notice is the better practice." *Zadeh*, 820 F.3d at 755; *see also ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, 18 Civ. 2980, 2020 WL 6395442, at *15–16 (D. Ariz. Nov. 2, 2020). Accordingly, the Court orders Defendant to provide notice pursuant to Rule 5.1.

II.   Choice-of-Law

Next, the Court must determine which state should be notified under Rule 5.1, a question that is tied directly to the choice-of-law issue raised by the parties in their briefing on Defendant's motion to dismiss. In his amended complaint, Plaintiff brings claims under New York state statutes, "or alternatively, if the Court finds Florida law applies, pursuant to Florida [s]tatutes . . . or such other applicable law." *See* Amend. Compl. ¶¶ 148, 156. Plaintiff argues that New York law applies because the guarantees that Plaintiff seeks to void include a choice-of-law provision stating that they "shall be governed by and construed in accordance with the laws of the State of New York . . . ." *See* Pl. Mem. at 23; ECF Nos. 26-2–4 ¶ 16. Defendant contends that the choice-of-law provision applies

only to claims arising out of the contract, and, because Plaintiff's claims sound in tort, the Court should apply the law of the state "with the most significant relationship to the transfers at issue," which is Florida.  Def. Reply at 12–14, ECF No. 72.

The Court agrees with Defendant that Plaintiff's claims are properly brought under the Florida fraudulent conveyance statutes, and, therefore, that Defendant must notify the attorney general of Florida.  First, because "a federal court sitting in diversity must apply the conflict of laws rules of the state in which the federal court sits," New York's choice-of-law rules govern the Court's decision regarding what law to apply to the fraudulent conveyance claims.  *Paradigm BioDevices, Inc. v. Viscogliosi Bros., LLC*, 842 F. Supp. 2d 661, 664–65 (S.D.N.Y. 2012) (citation omitted).  Next, the Court determines that there is a conflict between the laws of the jurisdictions involved because the two statutory schemes have different standing provisions.  *See id*. at 665; *see also* Def. Reply Mem.; Pl. Mem.  Finally, the Court finds that Florida law applies because New York's choice of law rules use an "interest analysis" that "applies the laws of the jurisdiction with the greatest interest in the application of its law based on the occurrences within each jurisdiction, or contacts of the parties with each jurisdiction, that relate to the purpose of the particular law in conflict."  *Paradigm BioDevices*, 842 F. Supp. 2d at 665 (quotation marks and citations omitted).  Since fraudulent conveyance laws regulate conduct, the law of the jurisdiction where the tort occurred—here, Florida—applies "because that jurisdiction has the greatest interest in regulating behavior within its borders and parties engaging in those activities would have a reasonable expectation that their activities would be governed by the law of the state in which they are located and reside."  *Id*. (quotation marks and citations omitted); *see also Drenis v. Haligiannis*, 452 F. Supp. 2d 418, 427 (S.D.N.Y. 2006); *In the Matter of Wimbledon Fund, SPC v. Weston Cap. Partners Master Fund II, Ltd.*, 184 A.D.3d 448, 450–51 (1st Dept. 2020); Def. Mem. at 17–18.

Moreover, the Court does not find that the choice-of-law provision in the guarantees militates in favor of applying New York law. Although the venue provision broadly covers "any disputes which may arise in conjunction with [the] guarantee," the choice-of-law provision more narrowly states that the "guarantee shall be governed by and construed in accordance with" New York law. *E.g.*, ECF No. 26-2 ¶ 16. As other courts have recognized, this narrower language does not encompass tort claims like those based on fraudulent conveyance. *See Drenis*, 452 F. Supp. 2d at 426; *see also Fin. One Pub. Co., Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 335 (2d Cir. 2005) ("Under New York law, . . . tort claims are outside the scope of contractual choice-of-law provisions that specify what law governs construction of the terms of the contract, even when the contract also includes a broader forum-selection clause."). Thus, Plaintiff's fraudulent conveyance claims are properly brought under the Florida statutes. Accordingly, Defendant must notify the attorney general of Florida of its claims that certain Florida statutes are preempted.

## CONCLUSION

For the reasons stated above, Defendant shall notify the attorney general of Florida of its preemption claims pursuant to Rule 5.1. Accordingly, by **September 21, 2022**, Defendant shall file "a notice of constitutional question stating the question and identifying the paper that raises it" and serve the notice and paper on the state attorney general "either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose." Fed. R. Civ. P. 5.1. The Clerk of Court is directed to STAY the case pending further order by the Court.

SO ORDERED.

Dated: September 7, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge