UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP VON KAHLE, in his capacity as assignee for the benefit of the creditors of COEX COFFEE INTERNATIONAL, INC.,

                        Plaintiff,

-against-

CARGILL, INC.,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/2023

21 Civ. 8532 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Philip von Kahle, in his capacity as assignee for the benefit of the creditors of Coex Coffee International, Inc. ("Coex Miami"), brings this action against Defendant, Cargill, Inc. ("Cargill"). Plaintiff seeks to avoid three limited guarantees between Coex Miami and Cargill and to avoid and recover more than $91.5 million in transfers from Coex Miami to Cargill under state law causes of action for actual and constructive fraud in New York or Florida. ECF No. 26 ¶¶ 8, 147–81. Cargill moved to dismiss the case, arguing primarily that Plaintiff's claims are preempted by federal bankruptcy law—specifically, by 11 U.S.C. § 546(g). ECF No. 60 at 1–2. On May 9, 2023, the Court granted in part and denied in part Cargill's motion to dismiss the complaint (the "Order"), holding in relevant part that bankruptcy law did not preempt Plaintiff's state-law claims. Order at 5–7, ECF No. 121.

    Cargill now moves to certify the Order's preemption holding for interlocutory appeal. Def. Mot., ECF No. 139; *see* Def. Mem. at 1–2, ECF No. 140. For the reasons stated below, the motion is DENIED.

## BACKGROUND[1]

This case involves allegedly fraudulent transfers made by Coex Miami, an insolvent coffee company, to Cargill, a global food corporation. On July 2, 2020, Coex Miami voluntarily assigned all of its assets to Plaintiff to be liquidated for the benefit of creditors under Florida's assignment statute, Chapter 727. Order at 2. On July 7, 2020, Plaintiff initiated a Florida assignment of benefits proceeding (the "ABC Proceeding"), a state law alternative to the federal bankruptcy system. *Id.* at 2–3, 6. On October 15, 2021, Plaintiff filed the instant action to avoid and recover over $91.5 million in transfers from Coex Miami to Cargill based on state law causes of action for actual and constructive fraud under New York law or, in the alternative, Florida law. *Id.* at 3.

On January 31, 2022, Cargill moved to dismiss the amended complaint, arguing primarily that Plaintiff's fraudulent-transfer claims are preempted by § 546(g) of the U.S. Bankruptcy Code. ECF No. 49; *see* ECF No. 60 at 5–16 (citing 11 U.S.C. § 546(g)). That section provides that, notwithstanding certain exceptions, a "trustee may not avoid a transfer, made by or to (or for the benefit of) a swap participant or financial participant, under or in connection with any swap agreement and that is made before the commencement of the case." 11 U.S.C. § 546(g).

Cargill acknowledged that Plaintiff "is the assignee in a Florida state insolvency proceeding," not the trustee in a federal bankruptcy proceeding. ECF No. 60 at 10. Still, Cargill argued, Plaintiff is "the functional equivalent of a bankruptcy trustee," so his action to avoid the transfers conflicts with Congress's intent expressed in § 546(g). *Id.* (citation omitted). Plaintiff responded that state law claims are only preempted by the Bankruptcy Code when a federal

---

[1] The Court presumes familiarity with the facts and procedural history of this matter as detailed in prior orders, *see* Order at 1–4, and, therefore, only summarizes those facts necessary for its decision here.

2

bankruptcy proceeding is involved and that Cargill had not shown that Plaintiff's claims conflict with Congress's purposes. ECF No. 65 at 8–20.

In the Order, the Court declined to adopt Cargill's expansive understanding of preemption. Instead, the Court reasoned, the "plain text of § 546(g) makes clear that the provision only applies to a federal bankruptcy trustee." Order at 5. Because the ABC Proceeding was not a federal bankruptcy case but instead was a state insolvency proceeding, the Court held, federal bankruptcy law did not preempt Plaintiff's claims. *Id.* at 6.

The Court also rejected Cargill's argument that Plaintiff's state-law claims were impliedly preempted because they presented an obstacle to Congressional purposes. The Court noted that Cargill had failed to identify evidence proving that Congress meant to extend the Bankruptcy Code's preemptive force to state insolvency proceedings. *Id.* at 6. Instead, the Court explained, Congress "regularly treats federal and state laws differently where those laws serve different purposes." *Id.* at 7. The Court, therefore, denied Cargill's motion to dismiss in relevant part.[2]

On May 23, 2023, Cargill moved to certify for interlocutory appeal "the issue of whether Plaintiff Philip Von Kahle's claims are impliedly preempted by 11 U.S.C. § 546(g)." Def. Mot. at 1.

## DISCUSSION

I.  Legal Standard

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where: (1) "[the] order involves a controlling question of law," (2) "as to which there is

---

[2] The Court also rejected Cargill's argument that Plaintiff's claims were field-preempted by the Bankruptcy Code and Dodd-Frank Act, and dismissed as untimely Plaintiff's constructive-fraud claims that predated July 1, 2017. Order at 9. Those holdings are not at issue here.

3

substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The moving party bears the burden of establishing the three factors. *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14 Civ. 3139, 2017 WL 129021, at *1 (S.D.N.Y. Jan. 13, 2017).

Section 1292(b) is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Because interlocutory appeals are strongly disfavored, "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)) (cleaned up).

II. <u>Application</u>

The Court agrees with Cargill that the first and third prongs of the § 1292(b) analysis are satisfied. The preemption issue is an "issue of law"—that is, "a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (citation and quotation marks omitted). Further, the issue of law is "controlling" because "reversal of the district court's opinion could result in dismissal of the action." *Flo & Eddie, Inc v. Sirius XM Radio Inc.*, No. 13 Civ. 5784, 2015 WL 585641, at *1 (S.D.N.Y. Feb. 10, 2015) (citation omitted); *see Klinghoffer*, 921 F.2d at 24.

For similar reasons, immediate appeal could "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff is correct that certification could delay the trial date if the Second Circuit agrees that Plaintiff's claims are not preempted. Pl. Opp. at 17–19,

ECF No. 152. But a ruling in the opposite direction would bar Plaintiff's claims and terminate the action, "rendering any trial on the merits a nullity." *Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018).

Cargill, however, does not satisfy the second prong of the § 1292(b) analysis: whether there is "substantial ground" for a difference of opinion on the Court's preemption decision. A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10 Civ. 3461, 2014 WL 5002090, at *3 (S.D.N.Y. Oct. 7, 2014) (quoting *Cap. Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)). "Mere conjecture that courts would disagree on the issue" is insufficient. *Bellino*, 2017 WL 129021, at *3. Instead, "there must be substantial doubt that the district court's order was correct." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) (quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06 Civ. 15375, 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007)) (quotation marks omitted).

Cargill cites no "conflicting authority" on the implied-preemption issue. *See* Def. Mem. at 15–17. Instead, it contends, the "issue of preemption is a difficult one," and "the issue before the Court is [] novel." *Id.* at 18. But even if some scholars have described preemption generally as "perplexing," *id.*, the specific issue before the Court is not particularly so. As the Court explained, the "plain text of § 546(g) makes clear that the provision only applies to a federal bankruptcy trustee." Order at 5. And the Second Circuit has affirmed that preemption takes effect "when [] Chapter 11 proceedings commence[]." *In re Trib. Co. Fraudulent Conv. Litig.*, 946 F.3d 66, 83 (2d Cir. 2019) (emphasis added). The ABC Proceeding is not a bankruptcy

5

proceeding, and Cargill cites no cases in which § 546(g) has operated to bar a state law avoidance claim in the absence of a bankruptcy proceeding.

Cargill also reiterates its argument that allowing Plaintiff's claims to proceed would "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Def. Mem. at 15 (citation omitted).  Through § 546(g), Cargill contends, Congress intended to "clos[e] the floodgates" to fraudulent-transfer actions against transfers made under swap agreements, and permitting state insolvency assignees to bring claims while barring federal bankruptcy trustees from doing the same would close only one floodgate while leaving another open. *Id.*

Cargill's evidence on congressional intent, however, remains scant and speculative.  It is true that Congress enacted Section 546(g) "to ensure that the swap and forward contract financial markets are not destabilized by uncertainties regarding the treatment of their financial instruments under the Bankruptcy Code." *Whyte v. Barclays Bank PLC*, 494 B.R. 196, 200 (S.D.N.Y. 2013), *aff'd*, 644 F. App'x 60 (2d Cir. 2016) (quoting Act of June 25, 1990, H.R. Rep. 101–484, at 3, *available at* 1990 WL 92539 (1990)).  But federal regulation does not preempt state regulation "absent 'persuasive reasons—either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained.'" *Insolvency Servs. Grp., Inc. v. Samsung Elecs. Am., Inc.*, No. 20 Civ. 8179, 2021 WL 871434, at *3 (S.D.N.Y. Mar. 8, 2021) (quoting *Fl. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142 (1963)).  Here, the regulated subject matter—avoidance of swap transactions—does not, by its nature, command the conclusion that Plaintiff's claims are preempted.  *See id.* (noting that "there is a long history of state laws permitting the recovery of voluntary transfers coexisting with the [Bankruptcy] Code").  Nor does Congress's general statement of intent constitute an

unmistakable ordinance, particularly where Congress chose not to expressly preempt claims like Plaintiff's in the statutory text.  *See O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 161 (2d Cir. 2008) (declining to imply preemption by "supply[ing] that which is omitted by the legislature" (citation omitted)).

Accordingly, Cargill fails to show a "substantial ground for difference of opinion" as to the holding that it moves to certify for interlocutory appeal.  28 U.S.C. § 1292(b).

## CONCLUSION

For the reasons stated above, Cargill's motion for certification of interlocutory appeal is DENIED.  The Clerk of Court is directed to terminate the motions at ECF Nos. 139 and 140.

SO ORDERED.

Dated: November 14, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

7