USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Philip von Kahle in his capacity as assignee for the benefit of the creditors of Coex Coffee International, Inc.,** | |
| Plaintiff, | 1:21-cv-08532 (AT) (SDA) |
| -against- | **OPINION AND ORDER** |
| **Cargill, Inc.,** | |
| Defendant. | |

**STEWART D. AARON, United States Magistrate Judge:**

In this action, Plaintiff, Philip von Kahle, in his capacity as assignee for the benefit of the creditors of Coex Coffee International, Inc. ("Coex Miami"), asserts state law causes of action against Defendant, Cargill, Inc. ("Cargill") seeking to avoid three limited guarantees between Coex Miami and Cargill and to avoid and recover more than $91.5 million in transfers from Coex Miami to Cargill. (Am. Compl., ECF No. 26, ¶¶ 8, 147-81.) Pending before the Court is Plaintiff's Letter Motion for leave to take two additional depositions, for a total of 14 depositions. (Pl.'s 11/15/23 Ltr. Mot., ECF No. 179, at 1.) For the reasons set forth below, Plaintiff's motion is DENIED.

**BACKGROUND**

On December 15, 2021, a Scheduling Order was entered in this action setting a deadline of June 10, 2022 for the completion of fact discovery. (12/15/21 Order, ECF No. 36, ¶ 5.) On May 2, 2022, an Amended Scheduling Order was entered setting a deadline of December 19, 2022 for the completion of fact discovery. (5/2/22 Order, ECF No. 96, ¶ 1.) On September 6, 2022, a further

Amended Scheduling Order was entered setting a deadline of March 17, 2023 for the completion of fact discovery. (9/6/22 Order, ECF No. 113, ¶ 1.)

On September 7, 2022, District Judge Torres stayed this action. (9/7/22 Order, ECF No. 114, at 4.) On May 9, 2023, Judge Torres lifted the stay. (5/9/23 Order, ECF No. 121, at 9.) As a result of the stay, the parties agreed that the deadline for completion of fact discovery was extended to January 23, 2024. (*See* 7/28/23 Ltr. Mot., ECF No. 161.) On July 29, 2023, the Court denied without prejudice the parties' request for another extension of the discovery deadlines, stating: "If, despite their diligent efforts, the parties are unable to complete specific discovery (*e.g.*, due to a recalcitrant foreign individual or entity), they later may seek an appropriate extension of the fact discovery deadline for limited, specific purposes . . . ." (7/29/23 Order, ECF No. 162.) Thus, the fact discovery currently is scheduled to conclude on January 23, 2024.

On September 6, 2023, the Parties met and conferred by telephone and agreed that they each could take up to 12 depositions. (*See* 11/15/23 Joint Status Rpt., ECF No. 180, at 2.) Plaintiff has taken or scheduled 12 depositions. (*See id.*) By the instant motion, Plaintiff is seeking to take two additional depositions: a fact deposition of a former Cargill employee, *i.e.*, Erik Arntzen ("Arntzen"), and a Rule 30(b)(6) deposition of Cargill. (*See* Pl.'s 11/15/23 Ltr. Mot. at 2; Pl.'s 11/21/23 Reply, ECF No. 182, at 1-2.) Cargill opposes Plaintiff's motion. (*See* Def.'s 11/20/23 Ltr. Resp., ECF No. 181.)

**LEGAL STANDARDS**

Rule 30(a)(2)(A) provides a presumptive limit of ten depositions per side, absent leave of court or stipulation of the parties. *See* Fed. R. Civ. P. 30(a)(2)(A). "Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and delay." *Hertz Corp. v. Accenture LLP*, No. 19-CV-


03508 (WHP) (SDA), 2020 WL 1150053, at *2 (S.D.N.Y. Mar. 9, 2020) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Hicks, Muse, Tate & Furst, Inc.*, No. 02-CV-01334 (SAS), 2002 WL 1822738, at *2 (S.D.N.Y. Aug. 8, 2002)).

A court may increase the number of depositions "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) states in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(2) states in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## DISCUSSION

In the present case, the parties stipulated to taking 12 depositions, which already is in excess of the presumptive limit. Based upon its careful review of the parties' submissions, as well as the record in this action, and considering the legal standards set forth above, the Court finds in its discretion that granting Plaintiff two additional depositions is not proportional to the needs

of the case. If Plaintiff chooses to take either or both of the Rule 30(b)(6) deposition and/or the Arntzen deposition, Plaintiff simply will need to choose which of the currently scheduled depositions to forego, in order to meet the 12-deposition limit.

In reaching its decision herein, the Court is mindful of the obligations of a Rule 30(b)(6) designee in providing testimony:

> Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject. To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf. Thus, if witnesses designated pursuant to Rule 30(b)(6) lack personal knowledge concerning the matters set out in the deposition notice, then the corporation is obligated to prepare them so that they may give knowledgeable answers.
>
> The organization must make a conscientious good faith endeavor to designate the persons having knowledge of the matters identified and to prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed as to the relevant subject matters. The organization must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

*Bigsby v. Barclays Cap. Real Est., Inc.*, 329 F.R.D. 78, 80-81 (S.D.N.Y. 2019) (cleaned up) (citations omitted). Thus, for example, if Plaintiff decided not to take the depositions of Arntzen and/or Matt Dunbar ("Dunbar"),[1] and decided to take a Rule 30(b)(6) deposition, Cargill would be required to obtain from Arntzen and Dunbar any knowledge they possessed regarding the deposition topics.

Assuming that Plaintiff decides to proceed with a Rule 30(b)(6) deposition, the parties shall meet and confer regarding deposition topics that are relevant and proportional to the needs

---

[1] According to Plaintiff, Cargill already has indicated it may designate Dunbar, a fact witness who Plaintiff has noticed for deposition, as its Rule 30(b)(6) designee. (*See* Pl.'s 11/15/23 Ltr. Mot. at 2.)

of the case. If the parties are unable to agree after good faith negotiation and compromise, then, no later than December 1, 2023, they shall file a joint letter not to exceed five pages setting forth their respective positions.

One final point. The current deadline for completion of fact discovery is January 23, 2024. Thus, any Rule 30(b)(6) deposition of Cargill shall be completed by that date.

## **CONCLUSION**

By reason of the foregoing, Plaintiff's Letter Motion for leave to take 14 depositions is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         November 22, 2023

*[signature: Stewart D. Aaron]*

STEWART D. AARON
United States Magistrate Judge