# STEARNS WEAVER MILLER
## WEISSLER ALHADEFF & SITTERSON, P.A.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2024

Jason P. Hernandez
150 West Flagler Street, Suite 2200
Miami, FL 33130
Direct: (305) 789-3455
Fax: (305) 789-2685
Email: jhernandez@stearnsweaver.com

January 12, 2024

**SUBMITTED VIA ECF**
The Honorable Stewart D. Aaron
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Plaintiff's application to submit the two expert reports outlined in ECF No. 201 is GRANTED.

SO ORDERED.
Dated: February 13, 2024

*[signature]*

Re: *Philip Von Kahle, in his capacity as assignee for the benefit of creditors of Coex Coffee International, Inc. v. Cargill, Incorporated*, Case No. 1:21-CV-08532 (AT)(SDA)

Dear Judge Aaron:

    Counsel for Plaintiff in the above-reference matter writes to request permission to submit two expert witness reports on March 1, 2024 on a matter for which Plaintiff does not bear the burden of proof. Defendant Cargill, Inc. consents to Plaintiff's request.

    By way of brief background, this is a fraudulent transfer case brought pursuant to the Florida Uniform Fraudulent Transfer Act. *See* Fla. Stat. § 726.101, *et. seq*. Plaintiff alleges that Coex Coffee International, Inc. ("Coex Miami") fraudulently transferred more than $90 million to Defendant Cargill, Inc., a limited designation swap dealer, to pay for swaps-related settlements and margin calls made by Cargill on a separate Panamanian company called Corporación Coex, Inc. ("Coex Panama"). Plaintiff further alleges that Coex Miami entered into three limited corporate guarantees that should be avoided as fraudulent.

    Cargill denies any liability to Plaintiff and in its Answer to the First Amended Complaint, Cargill asserts that it acted in good faith, which is a statutory affirmative defense. *See See* Def.'s Ans. to First Am. Compl. at 65 (First and Second Affirmative Defenses); Fla. Stat. § 726.109(a) ("A transfer or obligation is not voidable under s. 726.105(1)(a) against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee."); *In re Lydia Cladek, Inc.*, 494 B.R. 555, 561 (Bankr. M.D. Fla. 2013) (explaining that "good faith" is an affirmative defense under Fla. Stat. § 726.109(a)).

    "[C]ourts apply an objective test" to good faith defenses to fraudulent transfers. *Wiand v. Waxenberg*, 611 F. Supp. 2d 1299, 1319–20 (M.D. Fla. 2009) (citation omitted). For purposes of the defense, "[t]he relevant question is whether the transferee had actual knowledge of the debtor's fraudulent purpose or had knowledge of such facts or circumstances as would have induced an

February 12, 2024
Page 2

ordinarily prudent person to make inquiry, and which inquiry, if made with reasonable diligence, would have led to the discovery of the [transferor's] fraudulent purpose." *Id*. at 1319–20 (internal quotations and citation omitted). "In applying the 'reasonable person' standard, the Court must take into account the transferee's individual circumstances, including their sophistication as an investor and whether they had actual knowledge of the fraud." *In re Lydia Cladek, Inc.* at 561–62 (citation omitted).

On January 5, 2024, Your Honor approved the parties' jointly proposed case schedule, which provided, in relevant part, that the parties would "exchange number and topics of experts for initial reports, based on burden of proof" on February 9, 2024. [1/5/24 Order at D.E. 195]. The Order further set March 1, 2024 as the deadline for the parties to "exchange initial reports, based on burden of proof" and March 29, 2024 as the deadline for the exchange of expert rebuttal reports. [1/5/24 Order at D.E. 195].

On February 9th, Cargill disclosed that it intends to "call two experts submitting initial reports: (1) a forensic accounting expert who will analyze and opine on the Coex entities' transactions, books, and records; and (2) a swaps expert who will analyze and opine on swaps and related processes." Neither of the disclosed reports purports to address Cargill's good faith defense.

Plaintiff intends to rebut Cargill's good faith defense with testimony from two expert witnesses – an expert in credit related to financial derivatives, including swaps, and a compliance expert. Plaintiff, however, does not bear the burden of proof on this issue – Cargill does – and the Court's order states that initial expert reports "based on burden of proof" are due on March 1st [1/5/24 Order at D.E. 195].

Accordingly, Plaintiff respectfully requests leave from the Court (with Cargill's consent) to file the following expert reports on March 1st, even though Plaintiff does not bear the burden of proof on the issue that the reports will address:

(1) a report by a credit expert who will offer opinions on whether Cargill acted reasonably and within generally accepted standards when evaluating and extending credit to Coex Miami and Coex Panama, and

(2) a report by a compliance expert who will opine that Cargill was on inquiry notice for various reasons.

February 12, 2024
Page 3

        Respectfully submitted,

        /s/*Jason P. Hernandez*
        Jason P. Hernandez
        Stearns Weaver Miller Weissler,
        Alhadeff & Sitterson, P.A.
        150 West Flagler Street, Suite 2200
        Miami, FL 33130
        Email: jhernandez@stearnsweaver.com
        Phone: 305-789-3455
        Fax: 305-789-2685

        *Attorneys for Plaintiff Philip Von Kahle*

Cc: All Counsel of Record via ECF