**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

February 16, 2024

<u>**VIA ECF**</u>

The Honorable Analisa Torres,
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street,
New York, NY 10007-1312

Re:  <u>*Kahle v. Cargill, Inc.*</u>, Case No. 1:21-cv-08532 (AT)(SDA) (S.D.N.Y.)

Dear Judge Torres:

On behalf of Defendant Cargill, Incorporated ("Cargill"), and in accordance with Rule IV.A.ii of this Court's Individual Practices in Civil Cases, Cargill respectfully requests that this Court maintain under seal certain portions of its pre-motion letter requesting leave to move for partial summary judgment, filed together with this letter.  Specifically, Cargill requests that (1) this Court maintain under seal limited redactions of certain commercially sensitive business information, and (2) this Court temporarily maintain under seal information designed confidential by third parties for three business days while Cargill continues to confer with to these third parties.

*First*, Cargill requests that this Court maintain under seal redactions of the dollar amounts of the collateral thresholds Cargill provided to its customers, which is commercially sensitive business information.  There is no presumed public right of access to information filed in connection with a pre-motion letter, particularly where the material at issue does "not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored." *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("'[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'") (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995))).  To the extent the presumption applies at all, "the presumption of access is low," so even a "limited" or "slight[]" interest "outweighs the presumption of public access." *Dependable*, 311 F. Supp. 3d at 666–67.  "The interest in protecting 'business information that might harm a litigant's competitive standing'" has "been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Here, public disclosure of the dollar amounts of collateral thresholds Cargill provided to its customers risks providing valuable information to competing swap dealers, which would cause Cargill competitive harm. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redaction of "sensitive business

The Honorable Analisa Torres
February 16, 2024
Page 2

information," that "includes confidential information about Microsoft's business models, including details of Microsoft's sources of revenues and the amounts of its revenue and sales," which "should remain private," because "if that information were to be disclosed, it could indeed harm Microsoft or advantage its competitors"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (cleaned up); *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (permitting sealing of "billing rates and project pricing, as well as details of specific projects completed for several clients"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

***Second***, Cargill requests that this Court temporarily maintain under seal redactions of information obtained from documents and testimony produced by third parties, which designated this information "Confidential" pursuant to the February 22, 2022 Court-ordered Stipulated Confidential Agreement and Protective Order (ECF No. 67). Such designation "is not, by itself, a valid basis to overcome the presumption in favor of public access," and, in accordance with this Court's Individual Practices, Cargill has begun to "meet and confer" with "third parties seeking confidential treatment of the information." J. Torres Indiv. Prac. in Civ. Cases R. IV.A.ii. To the extent these third parties seek to maintain such information under seal, Cargill will continue to confer with them to file, within three business days, "a letter explaining the need to seal or redact the materials." *Id.* Should these third parties no longer seek to maintain the confidentiality of this information, Cargill will re-file its pre-motion letter without such information redacted.

For the foregoing reasons, Cargill respectfully requests that (1) this Court maintain under seal redactions of Cargill's commercially sensitive information in its pre-motion letter, and (2) temporarily maintain under seal information designed confidential by third parties for three business days.

Respectfully submitted,

*/s/ Joshua S. Levy*
Joshua S. Levy
Willkie Farr & Gallagher LLP
1875 K St., N.W.
Washington, D.C., 20006
Tel.: (202) 303-1133
jlevy@willkie.com

*Attorneys for Defendant Cargill, Incorporated*

cc: All parties of record (by ECF)