USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Philip von Kahle, in his capacity as assignee for the benefit of the creditors of Coex Coffee International, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Cargill, Inc., <br><br> Defendant. | 1: 21-cv-08532 (AT) (SDA) <br><br> **ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court are four Letter Motions to seal documents (the "Motions to Seal"). (Def.'s 2/16/24 Ltr. Motion to Seal, ECF No. 206; Def.'s 2/23/24 Ltr. Motion to Seal, ECF No. 212; Def.'s 2/26/24 Ltr. Motion to Seal, ECF No. 216; Pl.'s 2/26/24 Ltr. Motion to Seal, ECF No. 219.) For the reasons set forth herein, the Motions to Seal are PROVISIONALLY GRANTED IN PART and DENIED IN PART AS MOOT.

Based on its review, the Court finds that the Motions to Seal are best determined in the context of the complete record on the forthcoming motions for partial summary judgment. Under these circumstances, and given the very limited nature of information for which sealing is sought, the Court PROVISIONALLY GRANTS three of the Motions to Seal at ECF Nos. 212, 216 and 219. The Court will further address the Motions to Seal when it issues its Report and Recommendation on the forthcoming motions for partial summary judgment, assuming that the parties do not withdraw their positions with respect to the necessity to seal some or all of the filings.

As for the Motion to Seal at ECF No. 206, on February 23, 2024, Defendant filed a revised letter motion seeking leave to file a motion for partial summary judgment (Def.'s 2/23/24 Ltr. Motion for Partial MSJ, ECF Nos. 213/214), and the motion to seal at ECF No. 212, which withdrew its redactions from the Defendant's 2/14/24 Letter Motion at ECF Nos. 207 and 208, except with respect to two dollar amounts and one sentence fragment. (Def.'s 2/23/24 Ltr. Motion to Seal, ECF No. 212, at 1 n.1.) Given Defendant's position and because Defendant's filings at ECF Nos. 213/214 effectively supplant Defendant's earlier filings at ECF Nos. 207/208, the Court finds that that the Motion to Seal at ECF No. 206 should be DENIED AS MOOT.

Finally, Defendant's 2/23/24 Letter Motion to Seal at ECF No. 212 indicates that redactions were made by Defendant at the request of third-party (non-party) Corporación Coex, Inc. ("Coex Panama"). To the extent Defendant intends to continue to rely upon Coex Panama's request as the basis for sealing, Coex Panama itself must show cause to the Court at the time the parties' motions for partial summary judgment are filed why sealing is necessary and appropriate under Second Circuit precedent, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Further, Defendant is ORDERED to transmit this Order to Coex Panama, or a duly designated agent thereof, to provide notice of this Order.

For the reasons set forth herein, the Motions to Seal are PROVISIONALLY GRANTED IN PART and DENIED IN PART MOOT.

**SO ORDERED.**

Dated:   New York, New York
         March 12, 2024

_____
STEWART D. AARON
United States Magistrate Judge