UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/29/2024
```

Philip von Kahle, *in his capacity as assignee for the benefit of the creditors of* Coex Coffee International, Inc.,

                Plaintiff,

-against-

Cargill, Inc.,

                Defendant.

1:21-cv-08532 (AT) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are two motions to seal (the "Motions to Seal") filings on the ECF docket (Joint 4/19/24 Ltr. Mot. to Seal, ECF No. 247; Def.'s 5/24/24 Ltr. Mot. to Seal, ECF No. 256), which are related to pending cross-motions for partial summary judgment by Plaintiff Philip von Kahle, in his capacity as assignee for the benefit of the creditors of Coex Coffee International, Inc. ("Plaintiff") and Defendant Cargill, Inc. ("Defendant"). (*See* Pl.'s Mot. Partial Summ. J., ECF No. 232; Def.'s Mot. Partial Summ. J., ECF No. 245.) For reasons stated herein, the Court PROVISIONALLY GRANTS the Motions to Seal at ECF Nos. 247 and 256. In the interim, however, the parties shall comply with provisions of this Order as described herein.

## RELEVANT PROCEDURAL BACKGROUND

On March 12, 2024, the Court provisionally granted the parties' prior requests to seal the filings submitted in support of the parties' letter motion briefing requesting a pre-motion conference in anticipation of their forthcoming motions for partial summary judgment. (3/12/24 Order, ECF No. 227.) In doing so, the Court reasoned that those motions to seal would be best

determined in the context of the complete record on the forthcoming motions for partial summary judgment. (*See id.* at 1.)

The Court further ruled that "[t]o the extent Defendant intends to continue to rely upon Coex Panama's request as the basis for sealing, Coex Panama itself must show cause to the Court at the time the parties' motions for partial summary judgment are filed why sealing is necessary and appropriate under Second Circuit precedent, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)." (*Id.* at 2.)

On April 19, 2024, and in accordance with the Court's 3/12/24 Order, the parties jointly filed a letter on behalf of the third-party Corporación Coex, Inc. ("Corporación"), requesting that the Court maintain under seal "(1) non-party business and financial information and (2) Corporación's non-public commercially sensitive business information." (Joint 4/19/24 Ltr. Mot. to Seal at 1.)

On May 24, 2024, Defendant filed its request to seal filings associated with its papers in opposition to Plaintiff's motion for partial summary judgment. (Def.'s 5/24/24 Ltr. Mot. to Seal at 1-2.) Therein, Defendant stated that it was awaiting Plaintiff to complete his meet-and-confer process with the relevant third parties and rulings from the Court regarding any redactions. (*Id.* at 1-2.)

**DISCUSSION**

Consistent with its prior ruling, the Court finds that the Motions to Seal are best determined in the context of the complete record on the forthcoming motions for partial summary judgment. Under these circumstances, the Court PROVISIONALLY GRANTS the Motions

to Seal at ECF Nos. 247 and 256. The Court will further address the Motions to Seal when it issues its Report and Recommendation on the forthcoming motions for partial summary judgment.

The Court notes, however, that the parties have failed to comply with the Individual Practices of the undersigned. *See* Individual Prac. of Mag. J. Stewart D. Aaron No. III.E. Those Individual Practices require that, "on or before the date on which the relevant brief, declaration or other document is due," the party requesting sealing file **both** a redacted and unredacted copy of each document. *See id.* Plaintiff did not do so; instead, there are documents filed under seal that do not have an accompanying redacted version. (*See* Pl.'s Von Kahle Decl., ECF No. 233; Pl.'s Banesco USA Decl., ECF No. 234; Pl.'s Bank Leumi USA Decl., ECF No. 235; Pl.'s Bejarano Decl., ECF No. 236; Pl.'s Correa Decl., ECF No. 237; Pl.'s Schear Decl., ECF No. 238; Pl.'s Kalikow Decl. Part I (Exs. 001-060), ECF No. 239; Pl.'s Kalikow Decl. Part II (Exs. 061-120), ECF No. 240; Pl.'s Kalikow Decl. Part III (Exs. 121-178), ECF No. 241; Pl.'s Rule 56.1 Stmt., ECF No. 242; Pl.'s Resp. to Def.'s Rule 56.1 Stmt., ECF No. 262.)[1]

Defendant also has failed to file redacted versions of certain documents that it filed under seal. (*See* Def.'s Opp'n to Pl.'s Mot. Partial Summ. J., ECF No. 257; Def.'s Resp. to Pl.'s Rule 56.1 Stmt., ECF No. 258; Def.'s Levy Decl. In Supp. of Resp. to Pl.'s Rule 56.1 Stmt., ECF No. 263; Def.'s Kalikow Decl. In Opp'n to Pl.'s Mot. Partial Summ. J., ECF No. 259; Def.'s Resp. In Opp'n to Pl.'s Rule 56.1 Stmt., ECF No. 264; Def.'s Levy Decl. In Opp'n to Pl.'s Mot. Partial Summ. J., ECF No. 265.) While Defendant stated that it was awaiting to complete the meet-and-confer process or further Order from the Court (Def.'s 5/24/24 Ltr. Mot. to Seal at 1-2), there plainly are portions

---

[1] The Court also notes that Plaintiff filed his Rule 56.1 Statement as a "Motion." (*See* Pl.'s Rule 56.1 Stmt.) The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 242.

of the foregoing documents that are not even arguably confidential and that should be made public.

In light of the foregoing, no later than June 12, 2024, the parties shall (1) meet-and-confer, as necessary, and (2) each respectively file redacted versions of the documents filed under seal that are identified herein, or otherwise, that do not have an associated redacted version. For each document, the entry that appears on the ECF docket shall clearly indicate the corresponding sealed ECF filing.

## **CONCLUSION**

For the reasons stated herein, the Motions to Seal at ECF No. 247 and ECF No. 256 are PROVISIONALLY GRANTED. No later than June 12, 2024, the parties shall file redacted versions of the documents identified herein in accordance with the undersigned's Individual Practices.

**SO ORDERED.**

Dated:    New York, New York
          May 29, 2024

_____
STEWART D. AARON
United States Magistrate Judge