```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**Philip von Kahle,** *in his capacity as assignee for the benefit of the creditors of* **Coex Coffee International, Inc.,**

                          Plaintiff,

-against-

**Cargill, Inc.,**

                          Defendant.

---

1:21-cv-08532 (AT) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are seven motions to seal filings on the ECF docket that submitted in support of the cross motions for partial summary judgment (the "Motions to Seal"), and which are related to cross-motions for partial summary judgment by Plaintiff Philip von Kahle, in his capacity as assignee for the benefit of the creditors of Coex Coffee International, Inc. ("Plaintiff") and Defendant Cargill, Inc. ("Defendant"). (Def.'s 2/16/24 Ltr. Mot. to Seal, ECF No. 206; Def.'s 2/23/24 Ltr. Mot. to Seal, ECF No. 212; Def.'s 2/26/24 Ltr. Mot. to Seal, ECF No. 216; Pl.'s 2/26/24 Ltr. Mot. to Seal, ECF No. 219; Joint 4/19/24 Ltr. Mot. to Seal, ECF No. 247; Def.'s 5/24/24 Ltr. Mot. to Seal, ECF No. 256; Joint 6/12/24 Ltr. Mot. to Seal, ECF No. 284.)

For reasons stated herein, it is hereby ORDERED that the Motions to Seal are GRANTED.

## BACKGROUND

On March 12, 2024, the Court provisionally granted the parties' prior requests to seal the filings submitted in support of the parties' letter motion briefing requesting a pre-motion conference in anticipation of their forthcoming motions for partial summary judgment. (3/12/24 Order, ECF No. 227.) In doing so, the Court reasoned that those motions to seal would be best

determined in the context of the complete record on the forthcoming motions for partial summary judgment. (*See id.* at 1.) The Court further ruled that "[t]o the extent Defendant intends to continue to rely upon Coex Panama's request as the basis for sealing, Coex Panama itself must show cause to the Court at the time the parties' motions for partial summary judgment are filed why sealing is necessary and appropriate under Second Circuit precedent, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)." (*Id.* at 2.)

On April 19, 2024, and in accordance with the Court's 3/12/24 Order, the parties jointly filed a letter on behalf of the third-party Corporación Coex, Inc. ("Corporación"), requesting that the Court maintain under seal "(1) non-party business and financial information and (2) Corporación's non-public commercially sensitive business information." (Joint 4/19/24 Ltr. Mot. to Seal at 1.) On May 24, 2024, Defendant filed its request to seal filings associated with its papers in opposition to Plaintiff's motion for partial summary judgment. (Def.'s 5/24/24 Ltr. Mot. to Seal at 1-2.) Therein, Defendant stated that it was awaiting Plaintiff to complete his meet-and-confer process with the relevant third parties and rulings from the Court regarding any redactions. (*Id.* at 1-2.)

On June 13, 2024, the Court again provisionally granted the parties' requests to seal filings on the same grounds as its March 12, 2024 Order. (6/13/24 Order, ECF No. 285.)

## **LEGAL STANDARDS**

It is well settled that "[t]he public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). A judicial document or judicial record is "'a filed item that is relevant to the performance of the judicial function and useful in the judicial process.'"

*Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VB), 2018 WL 6411275, at *1 (S.D.N.Y. Dec. 6, 2018) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). "Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Moreover, "the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access." *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 476 (S.D.N.Y. 2021); *see also Roberto Coin Inc. v. Goldstein*, No. 18-CV-04045 (EK) (ST), 2020 WL 13564045, at *3 (E.D.N.Y. Mar. 30, 2020) ("it is not enough for parties to assert that a confidentiality agreement or protective order governing discovery allows for documents or information to be filed under seal."). Whether documents are subject to a confidentiality stipulation between the parties is an entirely different inquiry from whether those documents filed in connection with a motion submitted to the Court. It has been summarized by other courts in this Circuit that:

> Although it is true that a protective order may provide guidance to the parties regarding what documents it might be appropriate to seal and how such documents should be presented to the Court, the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence.

*Roberto Coin*, 2020 WL 13564045, at *3 (quoting *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.,* No. 17-CV-00147, 2019 WL 3753780, at *2 (E.D.N.Y. Aug. 8, 2019) (additional citation omitted)). Plainly, the "parties cannot control by private agreement the public's access to judicial proceedings." *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019) (denying motion to seal case and docket as stipulation of dismissal).

Once determined, the weight of the presumption of public access is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1049); *see also Nixon*, 435 U.S. at 599 ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

"[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-02542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (citing *Amodeo*, 71 F.3d at 1051). However, "it is not enough to 'simply assert that disclosure would place a party at a competitive disadvantage.'" *Roberto Coin*, 2020 WL 13564045, at *3 (quoting *IDC Fin. Publ'g, Inc. v. BondDesk Grp., LLC*, No 15-CV-01085, 2020 WL 1158467, at *3 (E.D. Wis. Mar. 10, 2020)).

In short, under the *Lugosch* framework, the Court must determine: "(1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *SEC v. Telegram Grp. Inc.*, No. 19-CV-09438 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-20).

**DISCUSSION**

The Court finds that the documents subject to the Motions to Seal (the "Subject Documents") are "judicial documents" under Second Circuit precedent. "The character of the documents at the time of filing is what matters when determining if the documents are judicial documents; a document is a judicial document from the moment of filing—when a party asks the Court to rely on the document when ruling." *Lohnn v. Int'l Bus. Machines Corp.*, No. 21-CV-06379 (LJL), 2022 WL 3359737, at *3 (S.D.N.Y. Aug. 15, 2022); *see also Lugosch*, 435 F.3d at 120-21 ("[a]s a matter of law, . . . by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment—are unquestionably judicial documents under the common law"). Here, the Subject Documents consist of exhibits submitted in connection with the parties' motions for summary judgment and are thus, unequivocally judicial documents.

Next, the Court must determine the public's presumptive weight to access the Subject Documents having determined they are judicial documents. Based on the record related to the motions for partial summary judgment, the Court finds that such weight is moderate given the balance of competing interests between the public's right to access the and the sensitive

5

commercial information. *See Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1049); *see also Nixon*, 435 U.S. at 599.

The Court finds that the Subject Documents should be placed under permanent seal to "preserve higher values" given that the parties applied redactions that are "narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. While usually it is not enough to protect sensitive commercial information by asserting a generalized competitive disadvantage, the Court finds that the information and arguments advanced by counsel specifically is of the nature and kind that should be placed under seal. *See Keurig*, 2014 WL 12772236, at *2 (citing *Amodeo*, 71 F.3d at 1051); *Roberto Coin*, 2020 WL 13564045, at *3 (quoting *BondDesk Grp.*, 2020 WL 1158467, at *3. The Court does not find that there are any countervailing factors counseling in favor to remove the provisional sealing. *See Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (citing *Lugosch*, 435 F.3d at 119-20).

For these reasons, the Motions to Seal are GRANTED.

## CONCLUSION

For the reasons stated herein, the Motions to Seal, which previously had been provisionally granted, hereby are GRANTED.

**SO ORDERED.**

Dated:   New York, New York
         December 19, 2024

_____
STEWART D. AARON
United States Magistrate Judge

6